# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MITCHELL GATEWOOD,**

        **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 1:11cv34**
　　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**WARDEN KUM DEBOO,**
**LT. SLIGARD,**
**ASSOCIATE WARDEN ODOM,**
**DEBORAH CASSITY, B/Unit Manager.,**

        **Respondents**

## REPORT AND RECOMMENDATION

On March 23, 2011, the *pro se* petitioner filed a Petition for Writ of Mandamus. This case is before the undersigned for a preliminary review and Report and Recommendation.

In his petition, petitioner alleges that on February 24, 2011, he was handcuffed for no good reason while the facility was on look-down, and his legal property was then confiscated. He further alleges that his legal property was not returned to him until March 20, 2011, to late for him to mail his § 2255 appeal to the Fourth Circuit. He asserts that he asked Ms. Cassity, his unit manager to assist him, but she ignored him. The plaintiff further alleges that on February 24, 2011, he was placed in the Special Housing Unit ("SHU") for a frivolous code violation. The petitioner maintains that he not received a United Disciplinary Hearing or Disciplinary Hearing in violation of his due process rights. Moreover, the petitioner asserts that his detention status has not been updated on a weekly basis as required by the Code of Federal Regulations. The petition continues by alleging that his legal mail has been opened and read, and he has not received a receipt to prove that his legal brief to the Fourth Circuit was mailed. Finally, the petitioner alleges that he believes that he been

targeted because of his race and religion. For relief, the petitioner seeks to be released or transferred from the SHU., and seeks an Order from this Court for a fair hearing. Finally, he notes his opinion that staff should be severely reprimanded for their misconduct.

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." <u>Kerr v.United States Dist. Court</u>, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." <u>In re Beard</u>, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, the petitioner's right to relief is not clear and indisputable. The petitioner acknowledges on the face of his petition that he has not exhausted his administrative remedies but maintains that 28 U.S.C. § 1361 does not require exhaustion. However, under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, **or any other federal law**, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. <u>Booth</u> at 741. Because exhaustion is a prerequisite to suit,

---

[1] <u>Id.</u>

all available administrative remedies must be exhausted *prior to* filing an action in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Accordingly, because the petitioner has not exhausted his administrative remedies, this action is subject to dismissal.

However, even if the petitioner had exhausted his administrative remedies, he is still not entitled to a Writ of Mandamus because there is clearly another means to attain the relief he desires. The petitioner's allegations clearly pertain to the conditions of his confinement. Accordingly, the petitioner has available to him a Bivens action challenging those condition. Therefore, the petitioner has failed to meet the stringent requirements for invoking a Writ of Mandamus.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition for Writ of Mandamus be **DENIED and DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a Bivens action after properly exhausting his administrative remedies.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the

docket sheet.

DATED: May 17, 2011.

                                                     /s/ James E. Seibert
                                                   JAMES E. SEIBERT
                                                   UNITED STATES MAGISTRATE JUDGE